FILED

2010 MAR 17 PM 3: 55

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

JOSEPH A. MANDOUR, III (SBN 188896)
BEN T. LILA (SBN 246808)
MANDOUR & ASSOCIATES, APC
16870 West Bernardo Drive, Suite 400
San Diego, CA 92127
Telephone: (858) 487-9300
Facsimile: (858) 487-9390
Email: jmandour@mandourlaw.com

Attorneys for Plaintiff,
MCCALL'S COUNTRY CANNING, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCCALL'S COUNTRY CANNING, INC., a California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> GOOSE CREEK, INC., a Kentucky Corporation; and DOES 1-10 Inclusive, <br><br> Defendants. | Civil Case No. '10 CV 0562 JLS RBB <br><br> **MCCALL'S COUNTRY CANNING, INC.'S COMPLAINT FOR TRADEMARK INFRINGEMENT AND OTHER RELIEF** <br><br> **DEMAND FOR JURY TRIAL** <br><br> **VIA FAX** |

Plaintiff McCall's Country Canning, Inc., by and through its counsel, alleges for its Complaint against Defendant Goose Creek, Inc. as follows:

## NATURE OF THE ACTION

1.     This is an action for trademark infringement pursuant to 15 U.S.C. §§ 1114 and 1125, trade dress infringement, unfair competition, and related claims based on Defendants' sale of the products, which infringes upon the trade dress design owned by Plaintiff McCall's Country Canning, Inc., U.S. Patent and Trademark Office Registration No: 3,015,048.

## THE PARTIES

2.     Plaintiff MCCALL'S COUNTRY CANNING, INC. (hereinafter referred to as

1   "McCall's" or "Plaintiff"), is a corporation organized and existing under the laws of the State of

2   California, and having a place of business 41735 Cherry Street, Murrieta, California 92562.

3        3.      On information and belief Defendant GOOSE CREEK, INC. (hereinafter

4   referred to as "Goose Creek"), is or was at all relevant times, a corporation organized and

5   existing under the laws of the State of Kentucky, and having a place of business at 1157 Bryant

6   Ridge Rd., Liberty Kentucky, 42359.

7        4.      Plaintiff is unaware of the true names and capacities of the defendants sued

8   herein under the names "Does 1 through 10" and therefore refers to said parties by such

9   fictitious names.  Plaintiff is informed and believes that each of the defendants sued under such

10  fictitious names was in some manner responsible for Plaintiff's damages, whether as an agent,

11  employee, partner, joint venturer, assignee, successor, or alter ego to any other defendant or in

12  some other capacity.  Plaintiff will amend this Complaint to allege the true names of the

13  fictitiously named defendants when the same are ascertained.

14       5.      Goose Creek and Does 1 through 10 are collectively referred to herein as

15  "Defendants."

16                              **JURISDICTION AND VENUE**

17       6.      This Court has subject matter jurisdiction over this lawsuit under 28 U.S.C. §

18  1338 because the suit arises under the trademark laws of the United States, including 15 U.S.C.

19  §§ 1114 and 1125, and pendant jurisdiction of any and all state causes of action under 28 U.S.C.

20  § 1367.

21       7.      This Court has personal jurisdiction over Defendants because, on information

22  and belief, Defendants transact business in the Southern District of California.  Further, on

23  information and belief, Defendants direct business activities toward and into the Southern

24  District of California through advertisements, promotions, sales, and the internet.

25       8.      Venue is proper and reasonable in this district under 28 U.S.C. § 1391(b)

26  because a substantial part of the events or omissions giving rise to this claim for trademark

27  infringement and unfair competition occurred in this district.

28                                      **FACTS**

## PLAINTIFF'S ACTIVITIES

9.      McCall's is in the business of selling candles packaged to convey a unique and distinctive overall impression and look, also tailored to suggest a particular type of rustic appearance.  To achieve this appearance, McCall's designed its candle packaging with a decorative metal lid and handle, which are pewter like in appearance and finish, and a distinctive band circling the neck of the jar which packages the candle, combined with an embossed name on the lid in a distinctive display (hereinafter, "McCall's Trade Dress").  An exemplary photograph of McCall's candle product is attached hereto as **Exhibit A**.  At the time that McCall's created this unique and distinctive packaging for its candles, upon information and belief, and to Plaintiff's knowledge, no third parties were selling candle products with this distinctive trade dress, which combined common and uncommon elements in uncommon and source-identifying ways, such that the consuming public would be likely to, and do in fact, identify Plaintiff's candle products by such distinctive and unique combination of elements that comprise McCall's Trade Dress. Upon information and belief, there was not any need at that time or subsequently for competitors to utilize the unique and distinctive overall combination of packaging elements which comprise McCall's Trade Dress to sell their own candles, and to do so would increase the cost of making and selling such candles.

10.     At the time it designed McCall's Trade Dress, McCall's wanted to convey a rustic appearance which would be unique and distinctive and identify solely candles made by Plaintiff in the marketplace, and so McCall's designed a unique and distinctive packaging for its candle products.  This design proved popular with the consuming public.  McCall's Trade Dress design does not affect the quality, use, or functionality of the candles, and only was intended to add an ornamental, aesthetic and uniquely identifiable appearance to McCall's candles.

11.     McCall's is the owner of United States Trademark Registration No. 3,015,048, which was filed on March 22, 2004 and issued on November 15, 2005 ("McCall's Registered Trademark").  A true and correct copy of the McCall's Registered Trademark is attached hereto as **Exhibit B**.

12.     Since at least as early as February 1998 when McCall's began using the

McCall's Trade Dress, McCall's has made continuous use of McCall's trade dress in connection with the sale of its candles in interstate commerce.

13.     McCall's Trade Dress is inherently distinctive as a trade dress, as it does not serve as a name for the candles contained therein, does not describe any quality, characteristic, or ingredient of the candles and serves a non-functional, decorative, aesthetic, and identifying purpose, which consumers have come to associate with McCall's. McCall's has used and promoted McCall's Trade Dress in various print advertisements, such as popular industry magazines. As a result of extensive use and promotion of this trademark, McCall's Trade Dress has acquired a favorable and well-known reputation with consumers and is an identifier and symbol of McCall's and its products, services, and goodwill. Accordingly, McCall's Trade Dress is strong and is entitled to broad protection. McCall's continues to invest substantial sums in promoting the candles it offers which use the distinctive decorative design of McCall's Trade Dress and McCall's Registered Trademark.

## DEFENDANTS' ACTIVITIES

14.     On information and belief, Defendants are also in the business of selling candles, which are sold in the same channels of distribution as Plaintiff's candles and to the same classes of purchasers, and the candles are marketed and advertised in similar ways. Defendants' products include candles whose trade dress is confusingly similar to McCall's Trade Dress.

15.     On information and belief, Goose Creek is a manufacturer that produces similar candle products for sale in commerce. Further on information and belief, Goose Creek manufactured a candle product with a trade dress that is confusingly similar to McCall's Trade Dress. The candle product carries the label of "Goose Creek" and is sold at retail stores as well as online. Upon information and belief, the consuming public for the parties' respective candle products are likely to believe that Plaintiff's products are licensed by, or affiliated with, or sponsored by Defendants, or that Plaintiff's candles are infringing upon Defendants' intellectual property rights (reverse confusion). Alternatively, the consuming public is likely to believe that Defendants' products are from the same source as Plaintiff's candles, or are licensed by, or affiliated with, or sponsored by, Plaintiff. Upon information and belief, "post-sale confusion" is

1  also likely to occur, with third parties who did not purchase the Defendants' candles likely to

2  believe, incorrectly, that the parties' respective candle products emanate from the same source,

3  or are affiliated, related to each other, or sponsored by the other.  The likelihood of confusion of

4  source, sponsorship, or affiliation is also enhanced by the commonness of private labeling in the

5  candle industry and other industries, whereby the consuming public is likely to believe that

6  Plaintiff or Defendants are engaging in "private labeling" of the other's candle products.

7  Further, upon information and belief, there has been actual confusion of the parties' candle

8  products in the marketplace, and any surveys to be done are likely to further demonstrate such

9  likelihood of confusion.

10        16.      On information and belief, Goose Creek produced the infringing candle and

11  added the "Goose Creek" label.  Further on information and belief, Goose Creek authorized the

12  sale of the infringing candle at retail stores, online, and possibly other locations as well.

13        17.      The candle product produced by Goose Creek infringes McCall's Trade Dress.

14  Specifically, the candle uses McCall's unique and distinctive overall trade dress, including its

15  rustic appearance, decorative metal lid, handle with a pewter-like finish and rough appearance,

16  band circling the neck of the jar, and all the elements described in McCall's Registered

17  Trademark.  Defendants manufacture and distribute the infringing candle as a line of "Country

18  Cannery Jar" candles.  Defendants began selling these candle products after McCall's Trade

19  Dress became well known in the candle industry for its unique, distinctive, and clearly

20  identifiable appearance.  An exemplary photograph of Defendants' candle product is attached

21  hereto as **Exhibit C**.

22        **WILLFULNESS OF DEFENDANTS' INFRINGING ACTIVITIES**

23        18.      Despite the limitless other designs that Defendants could have chosen, they

24  wrongfully and on information and belief, purposefully appropriated a trade dress identical to

25  McCall's Trade Dress without McCall's permission.  Upon information and belief, Defendants

26  were in fact aware of Plaintiff's candle products and their unique and distinctive Trade Dress at

27  the time they created their infringing candles, and in fact intended to and did deliberately copy

28  the Plaintiff's Trade Dress with the intent and purpose of causing confusion in the marketplace,

1   and to trade upon McCall's reputation and the popularity of its unique and distinctive Trade

2   Dress, which are higher quality products that sell at a premium price compared to Defendants'

3   inferior products.

4        19.    On information and belief, Defendants' wrongful activities are willful,

5   intentional, and deliberate, for including, but not limited to, the following reasons:

6        A.    Defendants chose and have continued to use a trade dress substantially identical,

7   and confusingly similar, to McCall's Trade Dress, even though the most rudimentary trademark

8   search would have revealed McCall's Registered Trademark for the identical trade dress

9   relating to identical types of products.

10        B.    Defendants obtained and intentionally copied McCall's packaging Trade Dress

11   because of its unique and distinctive appeal, commercial success, and in fact intended to trade

12   on McCall's reputation and/or to cause confusion in the marketplace.

13        C.    The other facts already set forth above, including Defendants' prior knowledge

14   of Plaintiff's superior rights in its packaging Trade Dress, and Defendants' callous and reckless

15   disregard of those rights.

16   **CLAIMS FOR RELIEF**

17   **First Claim for Relief**

18   **(Trademark Infringement under the Lanham Act)**

19        20.    McCall's repeats and incorporates by reference the statements and allegations in

20   paragraphs 1 to 19 of the Complaint as though fully set forth herein.

21        21.    Defendants' unauthorized use of McCall's Trade Dress by selling and producing

22   a confusingly similar candle product falsely indicates to consumers that Defendants' candles

23   originate from, are approved by, are sponsored by, are licensed by, or are affiliated with

24   McCall's or are otherwise associated with McCall's or its original rustic designed candles.

25        22.    Defendants' unauthorized use of McCall's Registered Trademark as described

26   herein is likely to cause confusion, to cause mistake, or to deceive customers and potential

27   customers of the parties by suggesting some affiliation, connection, or association of

28   Defendants with McCall's.

23.    McCall's has no control over the quality of Defendants' products, which, on information and belief, are inferior to the products sold by McCall's, tarnishing the image of McCall's products and blurring McCall's Trade Dress as an indicator of McCall's as a source.

24.    On information and belief, the wrongful activities, omissions and representations of Defendants described herein were willful, oppressive, fraudulent, and/or malicious, and were carried out with intent to harm Plaintiff, or with a conscious disregard of Plaintiff's rights.

25.    The McCall's Trade Dress adopted by Defendants on Defendants' candle product is confusingly similar and will falsely indicate an association, approval, or adoption of Defendants' services by McCall's.

26.    Customers that purchase or have purchased the candle product manufactured and sold by Goose Creek are likely to be confused as to the source or affiliation of the product with McCall's products, as are non-purchasers who see Defendants' infringing candles.

27.    Defendants' actions, as set forth herein, constitute trademark infringement, and willful trademark infringement, in violation of the Lanham Act, 15 U.S.C. § 1114, to the damage of McCall's.

**Second Claim for Relief**

**(Unfair Competition under the Lanham Act)**

28.    McCall's repeats and incorporates by reference the statements and allegations in paragraphs 1 to 27 of the Complaint as though fully set forth herein.

29.    Defendants' unauthorized use of McCall's Trade Dress misleads consumers into believing that they are purchasing products authorized by McCall's, when they are not. Customers that purchase or have purchased the candle manufactured and sold by Goose Creek or other retailers are likely to be confused as to the source or affiliation of the product with McCall's products.

30.    If consumers were aware that Defendants' products were not in fact authorized by McCall's, the consumers would not have likely purchased Defendants' products. McCall's is harmed by this unauthorized diversion of sales, as there is a likelihood of confusion.

31.    McCall's Trade Dress is either inherently distinct or has acquired secondary

1  meaning.  McCall's Trade Dress is nonfunctional.  Defendants' use and/or sale of candle

2  products with McCall's Trade Dress is misleading and has a  tendency to deceive a substantial

3  portion of the intended audience, and is material in that it is  likely to influence purchasing

4  decisions.

5       32.     Defendants' actions, as set forth herein, constitute unfair competition, in

6  violation of the Lanham Act, 15 U.S.C. § 1125, all to the damage of McCall's as previously

7  alleged.

8                         **Third Claim for Relief**

9       **(Trademark Infringement – California Business and Professions Code)**

10       33.     McCall's repeats and incorporates by reference the statements and allegations in

11  paragraphs 1 to 32 of the Complaint as though fully set forth herein.

12       34.     Defendants' acts, as set forth herein, constitute trademark infringement under

13  California Business and Professions Code § 14200, *et seq.*, all to the damage of McCall's as

14  previously alleged.

15                        **Fourth Claim for Relief**

16       **(Unfair Competition - California Business and Professions Code)**

17       35.     McCall's repeats and incorporates by reference the statements and allegations in

18  paragraphs 1 to 34 of the Complaint as though fully set forth herein.

19       36.     Defendants' unauthorized use of McCall's Trade Dress was an unlawful, unfair

20  and fraudulent business act and practice.  Further Defendants' acts constituted unfair, deceptive,

21  untrue and misleading advertising.

22       37.     Defendants' acts, as set forth herein, constitute unfair competition as defined in

23  California Business and Professions Code § 17200, *et seq.*, all to the damage of McCall's as

24  previously alleged.

25                         **Fifth Claim for Relief**

26       **(Trademark Infringement and Unfair Competition - California Common Law)**

27       38.     McCall's repeats and incorporates by reference the statements and allegations in

28  paragraphs 1 to 37 of the Complaint as though fully set forth herein.

39.   Defendants' acts, as set forth herein, constitute trademark infringement and unfair competition under the common law of the State of California, all to the damage of McCall's as previously alleged.

## DAMAGES

40.   McCall's repeats and incorporates by reference the statements and allegations in paragraphs 1 to 39 of the Complaint as though fully set forth herein.

41.   Upon information and belief, as a direct and proximate result of Defendants' conduct, McCall's has suffered damages, including but not limited to the following:

A.   Actual damages in an amount to be proven at trial, but not less than the amount of profits the Plaintiff would have made but for the Defendants' sales of the infringing products.

B.   The total sales of the infringing products by the Defendants, pursuant to statutory and common law under California and Federal law, and an accounting of Defendants' sales and profits from the infringing products, which belong to Plaintiff in good conscience and equity and under constructive trust and disgorgement of illegal fruit theories, and unjust enrichment theories, and to deter Defendants and others from such conduct in the future, in an amount to be proven at trial.

C.   Enhanced or treble damages for willful infringement, in an amount to be proven at trial.

D.   An award of corrective advertising to dispel future confusion in the marketplace and as otherwise allowed by law, in an amount to be proven at trial.

E.   An award of punitive damages under California law and common law, based upon the acts of Defendants which are fraudulent, malicious, and oppressive, including with callous disregard of Plaintiff's intellectual property rights, in an amount to be proved at trial, but estimated to be not less than approximately five to ten times the amount of actual damages to Plaintiff.

F.   This is an exceptional case, and McCall's is entitled to an award of attorneys' fees and litigation costs, in an amount to be proven at trial or subsequently.

G.   Defendants' unauthorized and confusingly similar use of the McCall's Trade

Dress unjustly enriches Defendants at the expense of McCall's reputation and goodwill, in amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks that this Court grant judgment against Defendants for the following relief:

A.    Defendants, their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, be temporarily restrained, and preliminarily and permanently enjoined from their continuing wrongful acts, including but not limited to the following:

     i.    Using the McCall's Trade Dress or any other confusingly similar designation, in connection with any products.

     ii.    Competing unfairly with McCall's in any manner, including unlawfully adopting or infringing on McCall's Trade Dress or adopting or using any other marks or designations that are confusingly similar to McCall's Trade Dress.

     iii.    Conspiring with, aiding, assisting, or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) and (ii) above.

B.    Defendants, their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, deliver for destruction, or show proof of destruction of, any and all products, labels, signs, prints, packages, wrappers, receptacles, and advertisements, and any other materials in their possession or control that depict or reference the McCall's Trade Dress or any other confusingly or substantially similar trademark, and any materials or articles used for making or reproducing the same, as provided by 15 U.S.C. § 1118.

C.    Defendants file with the Court and serve on McCall's, within 30 days after the entry and service on Defendants of an injunction, a report in writing and attested to under penalty of perjury setting forth in detail the manner and form in which Defendants have complied with the provisions of subparagraphs (A) and (B) above.

D.   McCall's recover all damages it has sustained as a result of Defendants' acts, as previously alleged.

E.   An accounting be directed to determine Defendants' total sales, less any costs proved by Defendants, and not less than the total profits resulting from their acts and that the profits be paid over to McCall's, increased as the Court determines is appropriate to the circumstances of this case, as previously alleged.

F.   McCall's be awarded statutory damages to the extent allowed by law.

G.   McCall's be awarded enhanced damages to the extent allowed by law, as previously alleged.

H.   McCall's be awarded treble damages to the extent allowed by law, as previously alleged.

I.   The Court declare this case an exceptional case and award McCall's its reasonable attorneys' fees for prosecuting this action to the extent allowed by law.

J.   McCall's recover its costs of this action and pre-judgment and post-judgment interest, and attorneys' fees, to the full extent allowed by law.

K.   An award of punitive damages to McCall's to the extent allowed by law, as previously alleged.

L.   An award of corrective advertising to deter future confusion, as previously alleged.

M.   McCall's receive all other relief the Court deems appropriate.

## DEMAND FOR JURY TRIAL

McCall's hereby demands a trial by jury on its claims herein and all issues and claims so triable in this action.

Respectfully submitted,

Dated: <u>March 17, 2010</u>

**MANDOUR & ASSOCIATES, APC**

Joseph A. Mandour (SBN 188896)
Ben T. Lila (SBN 246808)
blila@mandourlaw.com
Attorneys for Plaintiff,
MCCALL'S COUNTRY CANNING, INC.

**EXHIBIT A**



Int. Cl.: 4

Prior U.S. Cls.: 1, 6 and 15

**United States Patent and Trademark Office**

Reg. No. 3,015,048

Registered Nov. 15, 2005

## TRADEMARK
### PRINCIPAL REGISTER



MCCALL, DAN (UNITED STATES INDIVIDUAL)
41735 CHERRY STREET
MURRIETA, CA 92592

   FOR: CANDLES, IN CLASS 4 (U.S. CLS. 1, 6 AND 15).

   FIRST USE 2-0-1998; IN COMMERCE 2-0-1998.

   THE LINING IN THE DRAWING REPRESENTS SHADING ONLY.

   THE MARK CONSISTS OF THE CONFIGURATION OF A ROUNDED GLASS JAR CONTAINING A CANDLE WHEREIN THE GLASS JAR HAS A CIRCULAR LID AND A PROJECTING HANDLE ATTACHED TO EITHER SIDE OF THE JAR.

   SEC. 2(F).

   SER. NO. 78-388,518, FILED 3-22-2004.

KAREN BRACEY, EXAMINING ATTORNEY

**EXHIBIT C**



JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| MCCALL'S COUNTRY CANNING, INC. | GOOSE CREEK, INC. |

**FILED**

**2010 MAR 17  PM 3: 55**

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**(b)** County of Residence of First Listed Plaintiff   **Riverside, CA**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Casey, KY
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

BY_____DEPUTY

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

MANDOUR & ASSOCIATES, APC, 16870 West Bernardo Drive, Suite 400,
San Diego, CA 92127, Tel: (858) 487-9300

Attorneys (If Known)

**'10 CV 0562      JLS RBB**

VIA FAX

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1114

Brief description of cause:
Trademark infringement and related claims

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE
03/16/2010

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 112460   AMOUNT 4350—   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

TB 03-17-10

```
DUPLICATE

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS011260
Cashier ID: mbain
Transaction Date: 03/17/2010
Payer Name: CENTRAL ATTORNEY SERVICES
----------------------------------
CIVIL FILING FEE
 For: MCCALLS COUNTRY V GOOSE CREEK
 Case/Party: D-CAS-3-10-CV-000562-001
 Amount:       $350.00
----------------------------------
CHECK
 Check/Money Order Num: 13492
 Amt Tendered:  $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```